IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 17-00064-01-CR-W-DGK |
| **ROBERT LORENZO HESTER, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER OF CONTINUANCE

On February 23, 2017, the Grand Jury returned an indictment charging the defendant with attempted provision of material support or resources to terrorists and attempted provision of material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. §§ 2339A and 2339B. This criminal action is currently set for trial on the joint criminal trial docket which commences July 17, 2017.

On June 5, 2017, defendant Hester, by and through counsel, filed a motion for continuance and suggestions in support thereof. The suggestions in support of the defendant's motion for continuance state, in part, as follows:

> Mr. Hester is currently in custody bond awaiting trial.
>
> On June 5, 2017, the government representative in this case, Mr. Brian Casey, Assistant United States Attorneys, indicated that the United States does not oppose a delay.
>
> This continuance is not sought for purpose of dilatory delay, but is sought in truth and fact so that the defendant may fully investigate the case and adequately prepare for trial.

1

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within 70 days from the defendant's first appearance before a judicial officer of the Court in which the charge is pending. In computing the 70-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interest of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding.

Section 3161(h)(7)(C) provides that a continuance shall not be granted because of general congestion of the Court's calendar. In ordering this case removed from the joint criminal jury trial docket which will commence July 17, 2017, and continuing the trial until the joint criminal jury trial docket which will commence December 4, 2017, the Court is not doing so because of congestion of its calendar.

The Court finds that:

1. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, it would be unreasonable to expect defense counsel to prepare this criminal action adequately for trial prior to December 4, 2017;

2. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence July 17, 2017, and grant a continuance likely would result in a miscarriage of justice;

3. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence July 17, 2017, and grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and thus would deny the defendant his right to effective assistance of counsel; and

4. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, the ends of justice served by removing this criminal action from the joint criminal jury trial docket which will commence July 17, 2017, and granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

It is therefore,

ORDERED that the motion for continuance of this criminal action filed by defendant Hester on June 5, 2017, (Doc. No. 23), is GRANTED and that this criminal action is removed from the joint criminal jury trial docket which will commence July 17, 2017. It is further

ORDERED that this criminal action is set for trial on the joint criminal jury trial docket which will commence December 4, 2017. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and December 4, 2017, shall be excluded in computing the time within which the trial of this criminal action must commence.

                                                              */s/ JOHN T. MAUGHMER*
                                                               JOHN T. MAUGHMER
                                                             United States Magistrate Judge

Kansas City, Missouri